**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE BENEFIT FUND FOR HOSPITAL AND HEALH CARE EMPLOYEES, PHILADELPHIA AND VICINITY<br>1319 Locust Street<br>Philadelphia, PA 19107-5405<br><br>Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.<br>1101 Market Street<br>Suite 2400<br>Philadelphia, PA 19107<br><br>and<br><br>THOMAS JEFFERSON UNIVERSITY<br>1015 Walnut Street<br>Philadelphia, PA 19107<br><br>Defendants. | **COMPLAINT**<br>**CIVIL ACTION NO.** |

**COMPLAINT**

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUND; AND FOR EQUITABLE RELIEF)**

**Parties**

1. The Benefit Fund for Hospital and Health Care Employees, Philadelphia and Vicinity Area ("Benefit Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Benefit Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Benefit Fund is administered at 1319 Locust Street, Philadelphia, PA 19107. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Thomas Jefferson University Hospitals, Inc. ("Hospital") is a Pennsylvania nonprofit corporation existing under Pennsylvania laws with principal offices located at 1101 Market Street, Suite 2400, Philadelphia, PA 19107, and a registered office located at 600 North Second Street, Suite 401, Harrisburg, PA 17101.

3. Thomas Jefferson University ("University," and collectively with the Hospital, "Jefferson") is a Pennsylvania nonprofit corporation existing under Pennsylvania laws with principal offices located at 1015 Walnut Street Philadelphia, PA 19107, and a registered office located at 600 North Second Street, Suite 401, Harrisburg, PA 17101.

4. Jefferson transacts business in Pennsylvania in the healthcare industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14).

5. At all relevant times, Jefferson was and is signatory and bound to a Collective Bargaining Agreement between Jefferson and District 1199C of the National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO.

**Jurisdiction**

6. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§ 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to collect amounts due to an employee benefit plans under the terms of a Collective Bargaining Agreement, and for appropriate equitable relief.

7. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Benefit Fund is located and administered.

8. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

## (AMOUNTS OWED TO BENEFIT FUND PLAINTIFF AS DETERMINED BY PAYROLL AUDIT)

9. The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 8 as if fully set forth in Count I.

10. Pursuant to its Collective Bargaining Agreement, Jefferson agreed to report and pay to the Plaintiff a percentage of the gross payroll for Jefferson's employees covered by the Collective Bargaining Agreement, as well as employee contributions the Defendant had an obligation to withhold from employee's wages and remit to the Plaintiff.

11. In March 2026, the certified public accounting firm Novak Francella LLC completed an audit of Jefferson and first determined that amounts were owed to the Benefit Fund for unreported work performed during the period of January 1, 2020 through December 31, 2023 (the "Audit Period"). The Plaintiff was not aware that amounts owed to them by Jefferson prior to that time.

12. Jefferson employed certain employees covered by the Collective Bargaining Agreement but failed to report or pay the required amount when due to Plaintiff for all work performed by all employees in various months during the Audit Period as required by the

Collective Bargaining Agreements, the Plaintiff's Restated Agreement and Declaration of Trust, and the Plaintiff's Delinquency Procedures in the amount of $3,818,697.22.

13. The Collective Bargaining Agreement, the Plaintiff's Restated Agreement and Declaration of Trust, and the Plaintiff's Delinquency Procedures provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

14. The Collective Bargaining Agreement, the Plaintiff's Restated Agreement and Declaration of Trust, and Plaintiff's Delinquency Procedures also provide for reasonable attorneys' fees, court costs, and audit fees.

15. The Plaintiff will also seek judgment in this action against Jefferson for all contributions, interest, liquidated damages, and attorneys' fees and costs that become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** the Plaintiff prays judgment on Count I as follows:

1. That the Court finds Defendants Thomas Jefferson University Hospitals, Inc. and Thomas Jefferson University liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs due to the unreported work discovered by the audit performed of the Defendants for the period of January 1, 2020 through December 31, 2023.
2. To enter judgment against the Defendant Thomas Jefferson University Hospitals, Inc. and Defendant Thomas Jefferson University in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action; and

3. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: September 17, 2026

s/ Andrew Costa-Kelser
Andrew Costa-Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street, Suite 600
Philadelphia, PA 19145
akelser@odonoghuelaw.com
Telephone (215) 629-4970
Facsimile (215) 629-4996

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 17th day of September, 2026 on the following:

Internal Revenue Service,
Office of the Associate Chief Counsel, CC:EE
Room 4300
1111 Constitution Avenue, NW
Washington, DC 20224

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTN: Assistant Solicitor
for Plan Benefits Security

s/ Andrew Costa-Kelser
Andrew Costa-Kelser